Larry Patrick **KING**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. M–74–284.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1974.

———◆———

Frank R. Courbois, III, Oklahoma City, Ronald M. Dinan, Legal Intern, for appellant.

Larry Derryberry, Atty. Gen., Bill James, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Larry Patrick King, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–73–2622, with the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, After Former Conviction of Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. After a two-stage trial, the jury returned a verdict of guilty of the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor and recommended a sentence of one year in the Oklahoma County Jail and a fine of $500.00 (five hundred dollars). From the judgment and sentence imposed pursuant thereto by the

trial court, a timely appeal has been perfected to this Court.

As a statement of facts would have no bearing on the outcome of the allegations of errors raised by defendant, we shall commence with a discussion of defendant's three propositions of error. Further, we shall condense discussion of the three propositions into one, as all relate to the same basic proposition.

■■■ Defendant's primary contention is that, as, the information which was read to the jury during the first stage of trial contained the word "feloniously," the jury's guilty verdict in the first stage constituted a felony conviction. However, at the conclusion of the second stage of trial, during which defendant stipulated to a prior conviction of the same offense, the jury returned a misdemeanor rather than felony punishment. Defendant argues that the recommendation of such misdemeanor punishment in the face of a felony conviction constituted a breach of the jury's duty to apply the law as given it by the court, was not responsive to the issues, and incorrectly ordered the defendant to be incarcerated in an institution not authorized by the statute under which defendant was charged.

We reject defendant's contentions for several reasons. First, we note from a reading of the transcript that the use of the word "feloniously" in the reading of the information was expressly agreed to by defense counsel at the outset of the trial. (T. page 3). Under such circumstances defendant can hardly be heard to complain on appeal of its use at trial. Second, while defendant did file timely motion to quash the information, his motion was addressed solely to the question of the legality of defendant's arrest; nowhere in that motion did defendant raise the alleged error of which he now complains. As we stated in Wright v. State, Okl.Cr., 505 P.2d 507 at 514 (1973),

". . . It is settled law in Oklahoma that where no demurrer or motion to quash the information is filed, and a plea of 'not guilty' is entered and a trial is had, the defendant waives any defect in the information, except that the court has no jurisdiction of the subject matter and that no public offense has been committed. Smith v. State, 79 Okl.Cr. 151, 152 P.2d 279 (1944)."

While defendant did file a motion to quash in the instant case, we find that the rule enunciated above is applicable to alleged defects in the information not raised in defendant's motion. Failure to so raise the issue in question thus constituted a waiver of defendant's right to raise it on appeal.

Third, we note from a full reading of 47 O.S.1971, § 11–902, (c) under which the instant prosecution was brought, that provision was made for conviction of either the misdemeanor charge of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor or of the felony charge of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, second or subsequent offense. Punishment prescribed for conviction of the misdemeanor is imprisonment in a jail accredited or approved by the Commissioner of Charities and Corrections for a period of time not less than ten (10) days nor more than one (1) year, and a fine not more than Five Hundred Dollars ($500.00). Punishment prescribed for the felony second or subsequent offense is imprisonment in the state penitentiary for one to five years, and a fine of not more than One Thousand Dollars ($1,000.00). In the instant case the jury was duly instructed as to the above range of punishments, and was furnished verdict blanks for both offenses. The fact that the jury returned the misdemeanor verdict and punishment does not in any way invalidate its verdict. Indeed, such a finding was within the range of punishment provided by statute, and will not be overturned despite evidence introduced during the second stage of trial as to prior offenses. We thus find defendant's

assignments of error to be without merit, and accordingly, affirm his conviction. The judgment and sentence appealed from is affirmed.

BLISS, P. J., concurs.

BRETT, J., concurs in results.